UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MIDLAND STATES BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00354 JAR |
| | ) | |
| YGRENE ENERGY FUND INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. Nos. 62, 64).[1] The motion is fully briefed and ready for disposition.

**I.   Background**

The background of this case is set out in detail in the Court's September 29, 2021 memorandum and order denying Midland's motion for remand and granting in part Defendants' motion to dismiss and incorporated by reference herein. (Doc. No. 41). In ruling on Defendants' motion to dismiss, the Court rejected Defendants' contention that Midland's claims were barred by the PACE Act's special statute of limitations and dismissed Midland's fraud claim against Ygrene and the Board for failure to state a claim. Following the Court's ruling, Midland filed a first amended complaint and reasserted its fraud claim only against Ygrene. (First Amended Complaint ("FAC"), Doc. No. 57). In addition to its claim of fraud (Count III), Count I of Midland's amended complaint (against the Board and the County), seeks a declaration that the

---

[1] Defendants Ygrene Energy Fund Inc., Ygrene Energy Fund Missouri LLC and Energy Equity Funding, LLC (collectively, "Ygrene") and the St. Louis County Clean Energy Development Board (the "Board") filed a motion to dismiss (Doc. No. 62) and Defendants St. Louis County and Mark R. Devore, in his official capacity as St. Louis Director of Revenue (collectively, the "County") joined in that motion (Doc. No. 64). Accordingly, the Court has addressed Defendants' arguments together in its Memorandum and Order.

1

Missouri PACE Act and St. Louis County Ordinance No. 26,164, granting lien priority to PACE assessments created thereunder, violate the United States Constitution and Missouri Constitution by depriving it of property without due process of law. In Count II (against the Board), Midland alleges the PACE assessments constitute an unconstitutional taking under the Fifth Amendment of the United States Constitution. Midland further alleges claims of Slander of Title (Count IV) and Quiet Title (Count V) against the Board, and Negligence (Count VI) against Ygrene and the Board. In Count VII (against the Board and the Collector), Midland seeks a declaration that the PACE assessments are not due or are not valid liens on the Property. In Count VIII (against the Collector), Midland seeks a refund of the PACE Assessments it paid in protest.

Defendants again move to dismiss the case as time-barred in light of new evidence showing Midland was involved with the finalization of the PACE financing on the subject property. Defendants also move to dismiss Midland's reasserted fraud claim for failing to allege fraud with the particularity required by Fed. R. Civ. P. 9(b) or to adequately plead any representation made by Defendants.

**II.     Legal standard**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). At the motion to dismiss stage, courts generally may not consider materials outside the

pleadings, but they can consider documents attached as exhibits or incorporated by reference in the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

### III. Discussion

#### A. Statute of limitations

Defendants contend that Midland's claims are time-barred by the PACE Act's "special statute of limitations" set forth in Mo. Rev. Stat. § 67.2810.4 which provides:

> No lawsuit to set aside the approval of a project, an assessment contract, or a special assessment levied by a clean energy development board, or to otherwise question the proceedings related thereto shall be brought after the expiration of sixty days from the date that the assessment contract is executed.

Defendants previously argued that Midland's action is time-barred because it was filed on February 19, 2021, more than 60 days from the date the Assessment Contracts at issue were executed on June 10, 2019 and October 2, 2019. (Doc. No. 20 at 14-17). Midland took the position that this limitation did not apply to bar its claims because it was not a party to the Assessment Contracts and had no notice of them. (Doc. No. 29 at 10-12). The Court denied the motion to dismiss, finding the alleged lack of notice to Midland to be an equitable basis for the application of tolling to Midland's failure to file its lawsuit by the statutory deadline. (Doc. No. 41 at 11).

In support of their current motion, Defendants assert that new information included in Midland's amended complaint confirms that Midland's claims are time-barred. According to Defendants, Exhibit 5 to the amended complaint reveals the following material facts which must be considered by the Court: On May 17, 2019, Barat Academy asked Midland to assist in the finalization of the PACE financing by providing either a mortgage statement or a verification of mortgage document; Barat Academy directed Midland to contact Cathy Evans at Ygrene concerning the LED upgrade to the school building; and Midland responded it would consider whether to provide a mortgage statement or mortgage verification statement in connection with

3

the PACE financing. (Doc. No. 57-5). Defendants assert this "PACE Knowledge Evidence" demonstrates that Midland knew Barat Academy was seeking PACE financing weeks before the first Assessment Contract was executed in June 2019. Because this lawsuit was not filed until February 2021, Defendants argue it is time-barred.

Midland responds that Defendants mischaracterize the email communication, noting that nowhere does Barat Academy mention "PACE financing" or "Assessment Contracts." Rather, Barat Academy referenced an "Ameren [credit] through a rebate offer" and requested a copy of the mortgage statement. In further response, Midland argues that Defendants misapply the relevant statutory language. The Act's special statute of limitations is tied specifically to the "date that the ***assessment contract*** is executed." R.S. Mo. 67.2810.4 (emphasis added). Midland alleges it was not put on notice of the assessment contracts prior to execution; therefore, this email referencing a "rebate" has no bearing on the Court's prior ruling. Lastly, to the extent this email raises questions about its prior knowledge, Midland contends that factual issues cannot be determined on a motion to dismiss.

In reply, Defendants argue that the relevant question for determining when the limitations period begins to run is not whether Ygrene provided notice to Midland (which they contend is not required under the PACE Act), but rather when Midland was capable of ascertaining that it could have a "potentially actionable injury." See Powel v. Chaminade College Preparatory, Inc., 197 S.W.3d 576, 582 (Mo. 2006). Defendants maintain that an objective reading of Exhibit 5 shows Midland was on notice of the PACE financing and that Barat Academy would be entering into assessment contracts to secure such financing.

When considering a motion to dismiss based on the running of a statute of limitations, the Court may only grant the motion if it is clear from the face of the complaint that the cause of action

4

is time-barred. Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011); Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008). Midland's amended complaint alleges Ygrene and the Board failed to provide it with notice of the Assessment Contracts pursuant to PACE program requirements. (FAC at ¶¶ 9, 29, 54, 58-67, 78, 99, 105-06, 110, 111-13, 119-19, 128-137, 142-44). The Court previously found this alleged lack of notice to be an equitable basis for the application of tolling to Midland's failure to file its lawsuit by the statutory deadline. Midland further alleges Ygrene sent deficient and late notices to the wrong entity – Midland Mortgage in Oklahoma – when it knew or should have known the correct address and entity to which to direct notices since it was copied on a series of emails between Midland and Barat Academy. (See id. at ¶¶ 59-67, 105). Defendants dispute that the PACE Act even requires notice; however, this is not an issue for the Court's determination on a motion to dismiss as opposed to a fully briefed motion for summary judgment. When viewed in the light most favorable to Midland, the Court finds these allegations plausibly suggest the statute of limitations may have been tolled by Defendants' actions and will therefore deny Defendants' motion on this basis.

**B.   Fraud**

Next, Defendants argue that Midland has failed to correct the deficiencies in its original fraud claim and therefore the claim, now directed solely at Ygrene, should be dismissed. Specifically, Defendants argue Ygrene had no duty to provide Midland with notice of the Assessment Contracts and that as a non-party to the PACE program materials and Assessment Contracts, Midland cannot allege any representation made by Ygrene to Midland. Defendants also move to dismiss for Midland's failure to satisfy the particularity pleading requirement of Fed. R. Civ. P. 9(b).

5

Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9 (b). "The particularity required by Rule 9(b) is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003). Courts, however, interpret Rule 9(b) "in harmony with the principles of notice pleading." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001). Therefore, the pleading does not have to show all of these factors under Rule 9(b) to plead fraud with sufficient particularity but must state enough so that its pleadings are not "merely conclusory." Roberts v. Francis, 128 F.3d 647, 651 n. 5 (8th Cir. 1997).

After reviewing the amended complaint under the appropriate standards, the Court finds Midland has stated a claim for fraud against Ygrene with sufficient particularity to satisfy the heightened pleading requirements of Rule 9(b). See Paul v. Farmland Indust., Inc., 37 F.3d 1274, 1276-77 (8th Cir. 1994) ("Under Missouri law, the elements of common-law fraud are: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, (9) and his consequent and proximate injury.") (internal citations and quotation marks omitted). See also Frick's Meat Prod., Inc. v. Bond Equip. Corp., No. 4:05CV1409RWS, 2006 WL 286976, at *1 (E.D. Mo. Feb. 6, 2006).

Midland alleges the following specific false representations: (i) that the Assessment Contracts represented that the lender (Midland) had received notice of the Assessment Contracts; (ii) that the improvements qualified under the residential requirements as a "small commercial" improvement (that did not require Midland's consent); (iii) that Barat Academy qualified for the

Program; and (iv) that the "program" offered by Ygrene was a "rebate." (FAC at ¶ 103). In support of the falsity of these representations, Midland further alleges the Board and Ygrene knew Midland was located in Effingham, Illinois and Chesterfield, Missouri and not Oklahoma and therefore knew or should have known that Midland Mortgage in Oklahoma was not the entity which held the mortgage lien, as evidenced by the fact that prior to the June notice, Ygrene was copied on a series of emails with Midland and Barat Academy and Ygrene had access to the Deed of Trust. (FAC at ¶ 105); that Ygrene knew or should have known that the representation in the Assessment Contracts that Midland received notice was false because the notices were not sent prior to the execution of the Assessment Contracts (FAC at ¶ 106); that Ygrene knew or should have known that the representation that these improvements did not require Midland's consent is false because the improvements were for a commercial property and totaled more than the $750,000 threshold (FAC at ¶ 107); that Ygrene knew or should have known that Barat Academy did not have good creditworthiness and did not qualify for the Program, as evidenced by the thirteen judgment liens recorded against the Property in excess of $1.9 million (FAC at ¶ 108); and that Ygrene knew or should have known that by omission, the description of the project as a "rebate offer" was false (FAC at ¶ 109). Midland alleges that Ygrene's false statements and conduct "intentionally prevent[ed] Midland from being informed of the Assessment Contracts prior to execution" (FAC at ¶ 113), thereby damaging Midland. These allegations are specific enough to place Defendants on notice of the claims against them and enable them to respond to the allegations. Therefore, Defendants' motion to dismiss Count III of the amended complaint will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis County Clean Energy Development Board and Defendants Ygrene Energy Fund Inc., Ygrene Energy Fund Missouri, LLC, and Energy Equity Funding, LLC's Motion to Dismiss [62] is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion of Defendants St. Louis County and Mark Devore [64] is **DENIED.**

Dated this 6th day of July, 2022.

                                                      _/s/ John A. Ross_
                                                      **JOHN A. ROSS**
                                                      **UNITED STATES DISTRICT JUDGE**