UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIDLAND STATES BANK, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>YGRENE ENERGY FUND, INC., et al., )<br>)<br>Defendants. ) | Case No. 4:21-CV-00354 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Midland State's Bank ("Midland")'s motion to quash subpoena to non-party Sandberg, Phoenix & Von Gontard, P.C. or for protective order limiting subpoena (Doc. No. 81); Non-party Sandberg, Phoenix & Von Gontard, P.C. ("Sandberg Phoenix")'s motion to quash subpoena or for protective order limiting subpoena (Doc. No. 83); and Non-party Centre Trustee Corp. ("Centre")'s motion to quash subpoena or for protective order limiting subpoena (Doc. No. 85). Defendant Ygrene Energy Fund Missouri, LLC ("Ygrene") opposes the motions. (Doc. No. 87). No reply was filed and the time for doing so has passed. The motions are, therefore, fully briefed and ready for disposition.

**Background**

On June 7, 2022, Ygrene served subpoenas on non-parties Sandberg Phoenix and Centre[1] requesting documents and communications related to Midland's foreclosure on the Subject Property, to-wit:

> 1. All title reports and title policies relating to the Property which were in your possession prior to the Property Sale.

---

[1] Non-party Sandberg Phoenix represented Midland in connection with Barat Academy and the Subject Property in this suit through the non-extension of the letter of credit and foreclosure sale of the Subject Property; non-party Centre, in its role as Trustee, conducted the foreclosure sale of the Subject Property.

2. All publicly recorded documents relating to the Property which were in your possession prior to the Property Sale.

3. All documents reflecting the notices relating to the Property Sale sent out or published to advertise and/or notify third parties about the Property Sale.

4. All documents reflecting communications between you and any third party including without limitation Development Strategies, Barat, PACE Board, County, McBride, Bond Trustee, Bank Attorneys related to the Midland Deed of Trust, the Letter of Credit, the Bond Financing, the Property, the Property Sale, the Trustee's Deed, the 2019 PACE Improvements, the PACE Assessments, and/or the PACE Assessment Contracts.

5. All documents reflecting third party communications relating to any offers to buy a portion of or all the Property prior to the Property Sale.

6. All communications with the Bank Attorneys relating to the Property Sale and/or the Lawsuit.

7. All documents reflecting third party communications relating to any claims, demands for indemnity, claims of negligence and/or reservation of rights notices, and/or document preservation notices in connection with your handling of the Property Sale and/or Centre Trustee's handling of the Property Sale [and/or Sandberg Phoenix's handling of the Property Sale].

(Doc. Nos. 83-1; 85-1). Ygrene contends these documents and communications are relevant to the claims and defenses in this litigation and specifically, to Midland's change in position from a lender to property owner, its damages claims, and causation. Midland, Sandberg Phoenix, and Centre move to quash the subpoenas on the same grounds, i.e., that the subpoenas are overly broad and unduly burdensome and seek privileged documents. Ygrene opposes the motions.

**Legal standard**

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery allowed under Rule 45 is the same as that of Rule 26. See Advisory Committee Notes regarding 1991 Amendments to Rule 45(a)(2) (stating a "non-party witness is subject to the same scope of discovery under this rule as that person would be as a

party to whom a request is addressed pursuant to Rule 34."). Still, non-parties should not be burdened in discovery to the same extent as the litigants themselves, and requests to nonparties should be narrowly drawn to meet specific needs for information. Therefore, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Additionally, courts are required to limit discovery if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "is outside the scope permitted by Rule 26(b)(1)." Rule 26(b)(2)(C)(i), (iii).

Under Rule 45, a court "must quash or modify a subpoena that: … requires disclosure of privileged or other protected matter, if no exception or waiver applies." Rule 45(c)(3)(A)(iii), Fed. R. Civ. P. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. Rule 45(d)(2)(A). The advisory committee's note to Rule 45(d) states that subparagraph (d)(2) corresponds to the similar requirements of Rule 26(b)(5), and "[i]ts purpose is to provide a party whose discovery is constrained by a claim of privilege … with information sufficient to evaluate such a claim and to resist if it seems unjustified. The person claiming a privilege … cannot decide the limits of that party's own entitlement." Fed. R. Civ. P. 45 advisory committee's note to 1991 Amendments. "The description of withheld materials is therefore a required element, and a claim of privilege made without the description of the materials is insufficient." 9 James Wm. Moore, et al., Moore's Federal Practice § 45.61[1] (3d ed. 2011).

**Discussion**

Midland, Sandberg Phoenix, and Centre all move to quash Ygrene's subpoena on the grounds that it seeks privileged information. More specifically, Midland and Sandberg Phoenix argue that Requests 4 and 6 seek privileged documents and communications between Sandberg Phoenix and Midland's current counsel. Centre argues that Requests 3, 4, 5, and 7 seek all documents "reflecting" certain items, thereby implicating Centre's communications with its attorneys and their work product. Midland, Sandberg Phoenix, and Centre further assert the subpoenas impose an undue burden on non-parties as the requests are overbroad and not limited in time and scope and seek information which is either publicly available or in Midland's possession.

Ygrene responds that the motions to quash fail to comply with Rule 45(e)(2)(A)'s requirement of an express assertion of privilege and the production of a privilege log. See Rule 45(e)(2)(A)(ii) ("A person withholding subpoenaed information under a claim that it is privileged" must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."). In further response, Ygrene asserts that the subpoenas are not unduly burdensome because the requests are limited in scope and time to a six-month period around the time of the "Property Sale" which occurred on August 28, 2020. Ygrene also argues that Midland lacks standing to object to the Sandberg Phoenix subpoena on the grounds that it is unduly burdensome and overly broad. See, e.g., Nahum v. LMI Aerospace, Inc., No. 4:20CV1524 RWS, 2022 WL 2045914, at *5 (E.D. Mo. June 7, 2022); Mayhall v. Berman & Rabin, P.A., No. 4:13CV00175 AGF, 2013 WL 4496279, at *3 (E.D. Mo. Aug. 21, 2013).

Although Ygrene contends it has limited its requests to a six-month period around the time of the sale of the Subject Property, this is not the language Ygrene used in the subpoena. It


appears that the subpoena is overbroad as drafted. The Court will, therefore, grant Sandberg Phoenix and Centre's motions to quash in part and direct Ygrene to amend the subpoena to reflect this limitation. Ygrene is correct that Midland "does not have standing to lodge objections to the issuance of third-party subpoenas to 'protect' the third party from undue burden, inconvenience, and the like," Mayhall, 2013 WL 4496279, at *3 (quoting Streck, Inc. v. Research & Diagnostic Sys, Inc., No. 8:06CV458, 2009 WL 1562851, at*3 (D. Neb. Jun. 1, 2009)), and its motion to quash on these grounds will be denied.

Midland does, however, have standing to quash the subpoena on the grounds that it seeks privileged information. Streck, 2009 WL 1562851, at *3 (Standing exists if a party objects to a third-party subpoena "to protect a personal right or privilege in the information requested."). But the Court cannot evaluate a claim of privilege where a subpoenaed party fails to produce a privilege log. See Baranski v. United States, 283 F.R.D. 520, 522 (E.D. Mo. 2012) (reserving ruling on a motion to quash because movant failed to produce a privilege log in compliance with Rule 45(e)(2)(A)). Rule 45's privilege log requirement establishes a procedure by which Ygrene may seek to obtain the subpoenaed information by filing a motion to compel compliance with the subpoena after review of the privilege log. The Court will therefore direct Midland, Sandberg Phoenix, and Centre to produce a privilege log that details the nature of each document or communication responsive to Ygrene's subpoenas, without revealing information that is itself privileged, sufficient to enable Ygrene and the Court to assess the validity of the privilege claim as to each document or communication.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Midland State's Bank motion to quash subpoena to non-party Sandberg, Phoenix & Von Gontard, P.C. or for protective order [81] is **DENIED** in part.

**IT IS FURTHER ORDERED** that non-party Sandberg, Phoenix & Von Gontard, P.C. motion to quash subpoena or for protective order [83] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that non-party Centre Trustee Corp.'s motion to quash subpoena or for protective order [85] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that **within fourteen (14) days of the date of this Order**, Midland, Sandberg Phoenix and Centre shall produce privilege logs that detail the nature of each document or communication responsive to Ygrene's subpoenas, without revealing information that is itself privileged, sufficient to enable Ygrene and the Court to assess the validity of the privilege claim as to each document or communication.

Dated this 25th day of July, 2022.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**