# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MIDLAND STATES BANK, | ) |
| Plaintiff, | ) ) ) No. 4:21-CV-354 JAR |
| v. | ) ) ) |
| YGRENE ENERGY FUND, INC. et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 138). Plaintiff seeks to amend its First Amended Complaint to reflect its November 2022 tax payment and to "preserve its right to protest within ninety (90) days from the filing and payment of the taxes paid under protest." (*Id*., ¶ 3). Plaintiff maintains that the proposed amendment does not substantively change the claims or the total damages asserted, nor does it impact the pending dispositive motions. (*Id*., ¶¶ 4, 5).

Defendants St. Louis County and Mark Devore ("Opposing Defendants") oppose Plaintiff's Motion for Leave. (ECF No. 142). Opposing Defendants argue that amendment was unjustifiably delayed because Plaintiff made the tax payment in November 2022, but did not file this motion until March 2023, and after Defendants filed dispositive motions. In addition, Opposing Defendants contend that the proposed amendment is futile because it does not add either new parties or new claims. Opposing Defendants ask the Court to deny the proposed amendment because it will necessitate them to respond to the Second Amended Complaint and refile their dispositive motions. (ECF No. 142 at 5). Opposing Defendants contend that allowing the amendment would unduly prejudice them due to the delay and "would force Defendants to

essentially start this litigation over after the case had been pending for almost two (2) years." (ECF No. 142).

Defendants St. Louis County Clean Energy Development Board, Ygrene Energy Fun Inc, Ygrene Energy Fund Missouri, LLC, and Energy Equity Funding, LLC (collectively, "Energy Defendants") filed a Response to Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 144). Energy Defendants note that the amendments to the First Amended Complaint do "not change the legal issues which allow this [C]ourt to rule on Defendants' Motion for Summary Judgment." (ECF No. 144). Therefore, the Energy Defendants do not object to the amendment as long as it does not "further delay the case." *Id*.

The federal rules provide that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court will allow Plaintiff to file its Second Amended Complaint to provide an update regarding the amount Plaintiff has paid under protest for the December 2022 assessments. The Court finds that any delay was unintentional and amendment is not futile, but designed to protect Plaintiff's interests and rights. The Court, however, does not want to further delay this already protracted litigation. Therefore, the Court will not require Defendants to refile their summary judgments because all parties agree that the legal arguments would not change due to Plaintiff's amendment. Instead, the Court will require Plaintiff to file a stipulation, agreeing to be bound by the Court's decision on Defendants' respective motions for summary judgments, even though they were filed prior to Plaintiff's Second Amended Complaint. *See* ECF No. 143 at 3 ("Midland's amendment does not seek to affect the pending motions for summary judgment. Midland is willing to stipulate as such.").

- 3 -

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 138) is **GRANTED**  Plaintiff shall file its Second Amended Complaint and its stipulation, as discussed herein, no later than **Thursday March 9, 2023**.

**IT IS FURTHER ORDERED** that Defendants shall file their answers to Plaintiff's Second Amended Complaint within the time set forth under the federal rules.  Defendants, however, do not need to refile their motions for summary judgment.

Dated this 7th day of March, 2023.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**